297 Ga. 144
FINAL COPY

S15Y1040.  IN THE MATTER OF KIMBERLY L. COPELAND.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Respondent Kimberly L. Copeland (State Bar No. 186783), pursuant to Bar Rule 4-227 (b) (2), in which she seeks to resolve two grievances, both of which relate to her former representation of the same client, arising from two traffic accidents involving the client that took place in February and March of 2009.  In her petition, Copeland admits that as to the February accident, she violated Rules 1.3 and 1.16 (d) of the Georgia Rules of Professional Conduct, and as to the March accident, she violated Rules 1.15 (I), 1.15 (II), and 5.3 (b).  See Bar Rule 4-102 (d).  The maximum sanction for a violation of Rule 1.16 is a public reprimand, and the maximum sanction for a violation of Rules 1.3, 1.15 (I), 1.15 (II), and 5.3 is disbarment.  Copeland requests that the Court impose a suspension of six months on her ability to practice law, with conditions for reinstatement.

In her petition, Copeland, who has been a member of the State Bar since 1996, admits that with regard to the February 2009 accident, she entered into a contingency fee agreement with her client but informed him that she anticipated difficulties in proving damages. Copeland sent a demand letter to the insurance company for the other party to the accident, but the insurer declined to offer any settlement amount. Copeland then declined to file a lawsuit on her client's behalf but neglected to communicate this decision to her client, who believed that Copeland would continue to work on the matter. The client did not find out about Copeland's decision not to file suit until after the statute of limitation on his claim had run.

As to the March 2009 accident, Copeland again entered into a contingent fee relationship with her client, who also executed a power of attorney giving Copeland authority to endorse checks related to the matter and to deduct her fees and expenses. Copeland delegated the responsibility for communicating with the client and the insurance company involved in that case to her paralegal, whom Copeland directed and supervised. The paralegal spoke with the client, informing him that Copeland would submit a demand letter for $50,000, the relevant policy limit. The paralegal believed that the client consented to having

his claim settled for the policy limit, but the client maintains that he did not authorize such a settlement. The insurer agreed to settle the claim for the policy limit and sent a check for that amount, less payments already made to healthcare providers, to Copeland. Copeland deposited the check into her trust account and issued herself a check for the contingency fee of $17,550. Although Copeland sought to have the client come in and sign the release to obtain the settlement proceeds, because of an apparent miscommunication or lack of communication, the client never signed the release.

The client later retained other counsel, who learned that Copeland had settled the case without the client's knowledge and demanded that Copeland surrender the settlement money and her fee. Copeland sent a check for the settlement funds, less her fee, to the other attorney, who refused the check and returned it to Copeland. By the time Copeland filed her petition for voluntary discipline, she had renounced her claim to any fee and delivered the full settlement amount to the client. Copeland acknowledges mismanagement of the funds in her trust account, over which she gave her office staff responsibility, but she denies any dishonest or selfish motive and states that she is willing to

engage the State Bar's Law Practice Management Program ("LPMP") to make recommendations for her firm.

Copeland acknowledges her Rules violations unconditionally and also acknowledges that she received a formal letter of admonition in 2011 in an unrelated disciplinary matter. In mitigation, Copeland cites her active membership in the State Bar and numerous professional organizations, her good reputation in the legal community, her active participation in her local community, and her active involvement in her church. Copeland submitted with her petition numerous affidavits from other attorneys attesting to her good reputation and character. Copeland notes that during the time she represented the client at issue, she was going through a divorce and is now a single mother of three children. She expresses remorse and embarrassment for her conduct, reiterates that she did not have a dishonest or selfish motive, notes that she made a good-faith effort to rectify the consequences of her actions, states that she has been cooperative toward the disciplinary process, and maintains that she continues to have a good reputation in the legal community. In its response, the State Bar agreed that a suspension would be appropriate.

Having reviewed the record, we conclude that acceptance of Copeland's petition for voluntary discipline is appropriate. Accordingly, we accept the petition and direct that Kimberly L. Copeland be suspended from the practice of law in the State of Georgia for six months. At the conclusion of the suspension period, if Copeland wishes to seek reinstatement, she must offer proof to the State Bar's Office of General Counsel that she has complied with the conditions for reinstatement imposed in connection with this suspension, namely, that she has completed a consultation with the LPMP regarding trust account procedures and complied with its recommendations. If the State Bar agrees that the conditions have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement.

Copeland is reminded of her duties under Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Six-month suspension with conditions for reinstatement. All the Justices concur.

Decided May 11, 2015.
Suspension.

Giacoma Schleicher Roberts & Daughdrill, Gene Chapman, for Copeland.

5

Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.