308 Ga. 823
FINAL COPY

S20Y1078.  IN THE MATTER OF HOWARD L. SOSNIK.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Howard L. Sosnik (State Bar No. 667258) under Bar Rule 4-227 (b), in which he seeks a six-month suspension as reciprocal discipline for a six-month suspension imposed in New York.  See *In the Matter of Sosnik*, 173 AD3d 137 (N.Y. App. Div., May 29, 2019) (suspension effective June 28, 2019); see also Rule 9.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).  In his petition, Sosnik, who was admitted to the Bar in 1984, admits that he failed properly to review, audit, and reconcile his firm's escrow account; and that he failed properly to supervise the work of a nonlawyer employee of the firm, specifically with respect to the firm's escrow account.  He admits that this conduct constitutes violations of Rules 1.15 (I) and 5.3 (b).  The maximum sanction for a violation of both rules is disbarment.

The New York order of suspension provides the following additional details: Sosnik, along with two law partners (collectively "the Firm"), performed estate planning and estate administration work for clients, which sometimes involved ancillary real estate work. The Firm entrusted the banking and bookkeeping responsibilities to a nonlawyer office manager, but did not carefully supervise her or provide appropriate oversight of the Firm's escrow account. Shortly after the office manager left her employment in 2013, the Firm learned that two checks issued from the Firm's escrow account, totaling approximately $98,000, had been dishonored for insufficient funds. The Firm reviewed the account and deposited sufficient funds to cover the checks and also self-reported the matter to the appropriate New York Grievance Committee. The Firm engaged an auditor, who determined that over the previous several years the office manager had been transferring money among the Firm's escrow, operating, and payroll accounts, that the office manager had misappropriated client funds, and that

the Firm's escrow balance remained deficient. The Firm then made additional deposits to correct the deficiency.

The order also identifies numerous mitigating circumstances: Sosnik's acceptance of responsibility and candor, the absence of selfish intent, the Firm's replenishment of the misappropriated client funds, the Firm's cooperation with the disciplinary investigation, the remedial actions taken to institute proper bank and bookkeeping practices, and Sosnik's remorse, good character, and lack of a prior disciplinary record. The order identified no aggravating circumstances specifically but noted that at the time of the underlying events Sosnik and his law partners were experienced practitioners, all of whom had a background in accounting, and that the record showed there were "early warning signs" of the problem with the escrow account that Sosnik and his partners did not detect due to their failure to provide proper oversight of the account.

The State Bar has filed a response recommending that the Court accept the petition and notes that previous cases have imposed a suspension for violations of Rules 1.15 (I) and 5.3. See *In*

*the Matter of Copeland*, 297 Ga. 144 (772 SE2d 634) (2015) (six-month suspension for violation of several rules, including Rules 1.15 (I) and 5.3 (b), where client had been made whole); *In the Matter of Calomeni*, 293 Ga. 673 (748 SE2d 926) (2013) (six-month suspension for violations of several rules, including 1.15 (I) and 5.3 (d), where client had been made whole).

Having reviewed the petition and response, the Court agrees that imposition of a six-month suspension is appropriate under these circumstances and is consistent with our precedent. Accordingly, it is hereby ordered that Howard L. Sosnik be suspended from the practice of law in the State of Georgia for a period of six months. Because Sosnik has been reinstated in New York, see *In the Matter of Sosnik*, 181 AD3d 681 (N.Y. App. Div., Mar. 11, 2020), and because there are no conditions on Sosnik's reinstatement in this State other than the passage of time, there is no need for him to take any action either through the State Bar or through this Court to effectuate his return to the practice of law. Instead, the suspension based on this opinion will take effect as of

the date this opinion is issued and will expire by its own terms six months later.  Sosnik is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Six-month suspension.  All the Justices concur.*

DECIDED MAY 18, 2020.

Suspension.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.